LEON LION I EUGENE WHITE, JR,

           Plaintiff,

                                      Case No. 26-cv-0913-bhl

      v.

OFFICER CLEMONS,

           Defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

On May 22, 2026, Plaintiff Leon Lion I Eugene White, Jr., proceeding without an attorney, filed three complaints: two against Defendant "Officer Clemons" and one against Defendant Andrew Huber. *White v. Clemons (Clemons I)*, Case No. 26-cv-912, ECF No. 1; *White v. Clemons (Clemons II)*, Case No. 26-cv-913, ECF No. 1; *White v. Huber*, Case No. 26-cv-916, ECF No. 1. He also filed motions for leave to proceed without prepayment of the filing fee in all three cases. *Clemons I*, Case No. 26-cv-912, ECF No. 2; *Clemons II*, Case No. 26-cv-913, ECF No. 2; *Huber*, Case No. 26-cv-916, ECF No. 2. The matter is before the Court for consideration of White's IFP motions.

The Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee. *See* 28 U.S.C. §1915(a)(1). White's IFP applications include information about his finances and are signed under penalty of perjury. *Clemons I*, Case No. 26-cv-912, ECF No. 2 at 4; *Clemons II*, Case No. 26-cv-913, ECF No. 2 at 4; *Huber*, Case No. 26-cv-916, ECF No. 2 at 4. He represents that he received $967.00 per month in Social Security Income and has monthly expenses of $330.00 "or more." *Clemons I*, Case No. 26-cv-912, ECF No. 2 at 2–3; *Clemons II*, Case No. 26-cv-913, ECF No. 2 at 2–3; *Huber*, Case No. 26-cv-916, ECF No. 2 at 2–3. He has no cash, checking, or savings. *Clemons I*, Case No. 26-cv-912, ECF No. 2 at 3; *Clemons II*, Case No. 26-cv-913, ECF No. 2 at 3; *Huber*, Case No. 26-cv-916, ECF No. 2 at 3.

On these facts, the Court will deny White's IFP motions, because he is not indigent. While a plaintiff need not show that he is totally destitute to establish indigence, *Zaun v. Dobbin*, 628 F.2d 990, 993 (7th Cir. 1980), the Court's authority to grant IFP motions "is reserved to the many truly impoverished litigants who . . . would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). The total cost of filing a civil action is $405.00, which includes the $350.00 statutory filing fee and a $55.00 administrative fee. Based on his own representations to the Court, White has an excess of $637.00 in monthly net income after paying his expenses. He may use this money to pay the filing fee.

The Court also notes that White has chosen to file multiple federal lawsuits on the same day. Each of these lawsuits carries its own fee, which is a relatively small price to pay to engage the federal courts and his adversaries in time consuming and potentially costly litigation. No one is forcing White to file any of these lawsuits. If White wishes to hail the named defendants into federal court and occupy the Court's time and resources, like all litigants, he must pay the cost of doing so and must be prepared to comply with his obligations as plaintiff. The Court encourages White to consider whether he is willing to undertake those costs and obligations. Rather than filing multiple lawsuits, he should consider which (if any) of his claims he genuinely believes have merit and focus on those. He will find the burden of paying the fee more manageable if he limits his filings to lawsuits that have more merit.

The Court will allow White thirty days to pay the filing fee. If he fails to pay the filing fee, the case will be dismissed without prejudice for failure to prosecute under Civ. L. R. 41(c). The Court notes that, because the dismissal would be without prejudice, White may choose to wait and bring his claims when he has the available funds.

**IT IS HEREBY ORDERED** that White's motion to proceed IFP, ECF No. 2, is **DENIED**. White has until **June 28, 2026** to pay the filing fee. If White does not pay the filing fee, his case will be dismissed without prejudice for failure to prosecute under Civ. L. R. 41(c).

Dated at Milwaukee, Wisconsin on May 28, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge